Nott,
everal questions have arisen in the-progress of this cause which it is not now necessary to notice. The only two questions on which the court consider it necessary to express an opinion are:
1st. Whether the plaintiff established a right of property in himself?
2nd. If he did not, whether the defendant had a right to break the door for the purpose of getting possession of the negroes? '
It appeared in evidence, that the plaintiff had given, or lent as he pretended, these negroes to his daughter, at the time of her marriage, with James Y. Thomas). They had been in the possession of Thomas and claimed and used by him as his own for two years. In the mean time he had become very much involved. Judgments were ohtained and executions issued against him, by virtue of which the defendant as sheriff of Union district had taken them into his possession. The plaintiff had decoyed them away and this action was brought for a tresspass in retaking them in the ifiatmer set forth in the report. It now became a question *508 whether the plaintiff had loaned or given the negroes to bis daughter. Questions of this sort have so often occurred in our courts, and the law is now so well settled on the subject, that it would be cruelty to the public to suffer a doubt to be raised, whether such a transfer of property did not amount to an absolute gift. The former suit also betweeen these parties appears to have been conclusive of that question; for it is admitted that the defendant then recovered he value of these negroes. The record therefore in that case ought to have been received as evidence in this. Indeed the verdict in this case repels the idea of the right of the property in the plaintiff. For if the property had been his he ought to have recovered its value. The whole case therefore resolves itself into the question, whether, under all the circumstances, the defendant was authorised to break open the door to retake the property!1
It is said in Le.maynes case, (5 Co,) that the sheriff at the suit of a common person, upon request made to open the doors and denial thereof, ought not to break open the door or the house to execute any process at the suit ofany subject,orto execute a fieri facias, but if he do he is a trespasser. Yet it was resolved that the house of a man is not a castle or delence for any other person but for the owner, his family and goods, and not to protect another who flyeth into the same, or the goods of another; for then the sheriff upon request and denial may break the house and do execution. A distinction is attempted to be made between the case before us and the one in Coke. That the sheriff was not about to execute the process, but to retake the goods after they had been in execution and had in contemplation of law become his own. But the principle is the same, except that this is a stronger case, the goods being in the custody of the law. The house of every man says Lord Coke is to him as his castle and fortress, as well for his defence against injuries and violence as lor his repose. And the reason is, domus sua cuiqui est tuiissimum refugium. But the principle is not to be extended *509 .Jjeyond the object which the law intended to effect. The house or castle of a man is to be a refuge for himself, a place of safety for his goods, and of repose for his family. But that immunity is to be allowed only to the owner himself. It is not to be a sanctuary for others. It does not appear that the sheriff was guilty of any rudeness to the family, or that he used any unnecessary force or violence. I concur, therefore, in opinion with the presiding judge, that he was guilty of no trespass, and that the verdict ought to have been for ttse defendant.
Williams contra.
A new trial is therefore granted.
Herndon for the motion.